IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM H. CLAUS, IV,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE K. TRAMMELL, III, and STEPHANIE PARKER,<br><br>Defendants. | **Civil Action No. 18-1125-RGA**<br>Superior Court of the State of Delaware in and for Sussex County<br>Case No. S18C-06-021 ESB |

Paul G. Enterline, Esquire, Georgetown, Delaware. Counsel for Plaintiff.

George K. Trammell, III, Seaford, Delaware, and Stephanie Parker, Bridgeville, Delaware. Pro se Defendants.

# MEMORANDUM OPINION

November 16, 2018
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Defendants George K. Trammell, III, and Stephanie Parker filed a notice of removal on July 31, 2018, of *Claus v. Trammell*, Delaware State Court Case No. S18C-06-021 ESB (Del. Super.). (D.I. 3). Defendants appear *pro se*. On August 20, 2018, Plaintiff William H. Claus, IV, filed a motion to remand the matter to State Court. (D.I. 6). The matter has been fully briefed. (D.I. 6, 9, 10). For the reasons discussed below, the Court will grant Plaintiff's motion to remand to the Superior Court of the State of Delaware in and for Sussex County.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 21, 2018, Plaintiff filed a complaint for ejectment in the Superior Court. Trammel was served with the summons and complaint on July 3, 2018, and Parker received and acknowledged service of the summons and complaint via certified mail on July 17, 2018. (D.I. 7 at A1, A2, A4, A10-11, A24). Defendants removed the matter to this Court on July 31, 2018 pursuant to 28 U.S.C. §§ 1343(a) (1)-(4), 1441(a), 1443(1), and 1446. (D. I. 3). The notice of removal states that Defendants cannot get a fair, impartial, constitutional hearing in the Superior Court.

Plaintiff moves for remand on the grounds that: (1) the removal was not timely; (2) the parties are not diverse; (3) there is no federal question; (4) a defense or counterclaim is not part of the complaint; and (5) Defendants have not shown that the State Court is incapable of properly adjudicating the case or any defense Defendants seek to assert. (D.I. 6).

## LEGAL STANDARDS

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a), which states that, in order to remove a civil action from state court to federal court, a district court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441(a). Section 1441(a) and § 1443 both provide that the action may be removed by the defendant to the district court of the United States. *Id.* at §§ 1441(a), 1446. The removal statutes are strictly construed and require remand to state court if any doubt exists over whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941).

A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based on improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth.*, 809 F.2d at 1010.

## DISCUSSION

In their notice of removal, Defendants claim there is federal question jurisdiction under 28 U.S.C. § 1331 and civil rights and elective franchise jurisdiction under § 1343(a) (1), (2), (3), (4). In their opposition to remand, Defendants claim fraud on the court and advise the Court the instant case is a "spin off" of *Department of Finance of*

*Sussex County v. Clifford E. Polk Heirs*, Civ. No. 17-1448-RGA (D. Del.), a case Trammell improperly removed to this Court, which was summarily remanded to state court on December 1, 2017. In Civ. No. 17-1448-RGA, Trammell sought a writ of prohibition to prevent a sheriff's sale of real property located in Seaford, Delaware, the same property which is the subject matter of the complaint for ejectment in this removed case. (*See* Civ. No. 17-1448-RGA at D.I. 6 and D.I. 7 at A 15, both referring to C.A. No. S17T-07-004). Trammell states that he was intentionally and deliberately disenfranchised in the first case and now, in an attempt to cover up Trammell's "incontrovertible equitable interest" in the real property at issue (D.I. 9 at 2), Plaintiff has finally put his name in the caption. Defendants also invoke 42 U.S.C. § 1983 in their opposition to remand and assert constitutional violations relating to felony theft of real property.

A district court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendants assert this Court has original jurisdiction over the Complaint because they cannot get a fair impartial (*i.e.*, constitutional) hearing due to the "biased" "vehemently 'racist'" Sussex County Superior Court. (D.I. 3 at 1).

Plaintiff notes the action was commenced in the Superior Court as an action for ejectment under state law. (D.I. 6 at 1). Plaintiff moves for remand based upon the well-pleaded complaint rule. In commencing an action, Plaintiff decides whether to assert a federal claim, a state claim, or both. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). When analyzing federal subject matter jurisdiction, courts have

traditionally looked to the "well-pleaded complaint" rule. *Id.* Under the well-pleaded complaint rule, a cause of action '"arises under' federal law, and removal is proper, only if there is a federal question presented on the face of the plaintiff's properly pleaded complaint." *Dukes v. U.S. Healthcare*, 57 F.3d 350, 353 (3d Cir. 1995)); *see also Homes Grp., Inc. v. Vomado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002). '"[A] case may not be removed to federal court on the basis of a federal defense,' even if the plaintiff's complaint anticipates such defense." *Caterpillar*, 482 U.S. at 392. "Nor can [the d]efendant[] create federal jurisdiction by asserting federal defenses and/or counterclaims to [the p]laintiff's state law foreclosure complaint." *Green Tree Servicing LLC v. Dillard*, 88 F. Supp. 3d 399, 402 (D.N.J. 2015) (ordering remand because mortgage foreclosure is a matter of state law, and defendant's assertion of issues under the FDCPA does not create federal jurisdiction).

In the instant case, Plaintiff filed an ejectment action, based solely on state law. Ejectment does not arise under federal law. Defendants' position is that they cannot get a fair hearing in the Superior Court. However, as stated under the well-pleaded complaint rule, defenses and counterclaims do not create federal court jurisdiction. Further, while Defendants assert a claim under 42 U.S.C. § 1983 in their opposition, the claim is not cognizable even were I to consider it. Plaintiff is not a state actor as is required to state a claim under § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color

of state law). This Court does not have jurisdiction by reason of a federal question under 28 U.S.C. § 1331.

Nor is there jurisdiction by reason of diversity. District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The record reflects that all parties are citizens of the State of Delaware. (*See* D.I. 7 at A15, A47, A42).

Accordingly, the Court concludes that it does not have subject matter jurisdiction in this matter. Therefore, the motion to remand will be granted.

## CONCLUSION

For the above reasons, the Court will grant Plaintiff's motion to remand. (D.I. 6). The matter will be **remanded** to the Superior Court of the State of Delaware in and for Sussex County.

An appropriate Order will be entered.